JUDGE DANIELS

**William C. Rand, Esq.** (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EDWARD JENKINS, Individually
and on Behalf of All Other
Persons Similarly Situated,

                    Plaintiffs,

            -against-

NBC UNIVERSAL, INC.,
EXECUTIVE PEGASUS LIMOUSINE, LLC,
PEGASUS TRANSPORT SERVICE, INC.,
CENGIZ TASDEMIR, RON JACOBOVICH,
And JOHN DOES #1-10,

            Defendants.

-------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

RECEIVED

APR 11 2008

U.S.D.C. S.D. N.Y.
CASHIERS

    Plaintiff, Individually and on Behalf of All Other Persons Similarly Situated, through

his attorneys, complaining of Defendants NBC UNIVERSAL, INC., EXECUTIVE PEGASUS

LIMOUSINE, LLC, PEGASUS TRANSPORT SERVICE, INC., CENGIZ TASDEMIR, RON

JACOBOVICH, and John Does #1-10 (together "Defendant" or "Defendants"), alleges for his

class and collective action Complaint as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as drivers and comparable positions with different titles, that they are: (i) entitled to unpaid wages from Defendants for work for which they did not receive compensation for all of the hours worked by them, for overtime work for which they did not receive overtime premium pay, for improper deductions from wages as well as misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2.      Plaintiff further complains, on behalf of himself and a class of other similarly situated current and former employees, that they are entitled to back wages from Defendants for work during the six (6) year period prior to the filing of the Complaint for which they did not receive compensation for all of the hours worked by them as well as overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§650 et seq., including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) as well as improper deductions made from their wages and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d (the "New York Class").

3.      Plaintiff further complains, on behalf of himself and a class of other similarly situated current and former employees, that they are entitled to back wages from Defendants for work performed during the two (2) year period prior to the filing of the Complaint for

2

which they did not receive compensation for all of the hours worked by them as well as overtime work for which they did not receive overtime premium pay and/or improper deductions made from their wages and misappropriated tips and/or gratuities as required by the New Jersey Wage and Hour Act, N.J.S.A. 34:11-56a1, *et seq*. ("NJWHA") (the "New Jersey Class").

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.    The Court also has subject matter jurisdiction over the state class actions pursuant to 28 U.S.C. §§1332(d)(2) ("CAFA") because each alleged class includes, upon information and belief, in excess of 100 members; because the amount in controversy, aggregated, in each alleged class action exceeds five million dollars ($5,000,000), exclusive of interest and costs; and because upon information and belief, greater than two-thirds of the members of each class action are not citizens of New York State.

5.    Venue is proper in this district pursuant to 28 U.S.C. §1391.

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.    Plaintiff EDWARD JENKINS was, at all relevant times, an adult individual, residing in Lindenhurst, New Jersey.

7.    Upon information and belief, Defendant NBC UNIVERSAL, INC. is a New

3

York corporation, with its principal place of business at 111 Eighth Avenue, New York, N.Y. 10011. Upon information and belief, NBC UNIVERSAL, INC. owned stock in Defendants EXECUTIVE PEGASUS LIMOUSINE LLC and PEGASUS TRANSPORT SERVICE, INC. (the "Pegasus Defendants") and participated in the management of the Pegasus Defendants and jointly with the Pegasus Defendants employed the Plaintiff and other similarly situated employees at all relevant times.

8.     Upon information and belief, Defendant EXECUTIVE PEGASUS LIMOUSINE LLC is a New York limited liability company, with its principal place of business at 36-06 43rd Avenue, Long Island City, N.Y. 11101.

9.     Upon information and belief, Defendant PEGASUS TRANSPORT SERVICE, INC. is a New Jersey corporation, with its principal place of business at 3 Hillside Ave., Nutley, N.J. 07110.

10.     Upon information and belief, Defendants CENGIZ TASDEMIR and RON JACOBOVICH are each an officer, director and/or managing agent of the corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder as well as the NJWHA and the regulations thereunder, and is jointly and severally liable with the corporate Defendants.

11.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the corporate Defendants and acted

4

intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder as well as the NJWHA and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

12.    Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

13.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as drivers or similar positions with different titles at any time since April 11, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

14.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of the Class during the Collective

5

Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

16.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

17.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

       a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

       b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

       c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

6

d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.  whether Defendant failed to pay the Collective Action Members overtime compensation for all hours worked by them as well as hours worked by them in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  whether Defendant should be enjoined from such violations of the FLSA in the future.

18.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

### The New York Class

19.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.    Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants as drivers or similar positions with different titles in New York, or by a Defendant doing business in New York, at any time since April 11, 2002, to the entry

7

of judgment in this case (the "Class Period"), who were non-exempt employees within the

meaning of the New York Labor Law, who have not been paid for all of the hours worked by

them, who have not been paid proper overtime wages, had improper deductions from their

wages and/or who did not receive tips and/or gratuities in violation of the New York Labor

Law (the "Class").

21.    The persons in the Class identified above are so numerous that joinder of all

members is impracticable. Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there at least 100 members of Class during the Class

Period.

22.    The claims of Plaintiffs are typical of the claims of the Class, and a class action

is superior to other available methods for the fair and efficient adjudication of the

controversy—particularly in the context of wage and hour litigation where individual plaintiffs

lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate

defendants.

23.    The Defendants have acted or refused to act on grounds generally applicable to

the class, thereby making appropriate final injunctive relief or corresponding declaratory relief

with respect to the class as a whole.

24.    Plaintiff is committed to pursuing this action and has retained competent

counsel experienced in employment law and class action litigation.

25.    Plaintiff has the same interests in this matter as all other members of the class

and Plaintiff's claims are typical of the Class.

26.    There are questions of law and fact common to the Class which predominate

8

over any questions solely affecting the individual members of the Class, including but not
limited to:

> a.      whether Defendants employed the members of the Class within the
> meaning of the New York Labor Law;
>
> b.      what proof of hours worked is sufficient where employers fail in their
> duty to maintain time records;
>
> c.      whether Defendants failed and/or refused to pay the members of the
> Class for all hours worked by them as well as time and one-half for all hours
> worked in excess of forty hours per workweek;
>
> d.      whether Defendants made improper deductions from their wages in
> violation of New York Labor Law §193 and 12 N.Y.C.R.R. §137-2.5;
>
> e.      whether Defendants withheld tips and/or gratuities within the meaning
> of the New York Labor Law in violation of New York Labor Law §196-d;
>
> f.      whether Defendants failed to post the notice required by New York
> Labor Law §198-d;
>
> g.      whether Defendants violated New York Labor Law §§ 191, 193 and/or
> 195;
>
> h.      whether the individual Defendants participated in the day to day
> management of Defendant and are "joint employers" and liable to Plaintiffs;
>
> i.      whether Defendants are liable to Plaintiffs for compensatory damages,
> interest, costs and disbursements and attorneys' fees;
>
> j.      whether the Statute of Limitations should be estopped or tolled due to
> Defendants' statutory violations;  and

9

k.      whether Defendants should be enjoined from such violations of the New
York Labor Law in the future.

## CLASS ALLEGATIONS

### The New Jersey Class

27.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules
23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28.     Plaintiff brings his NJWHA claim on behalf of all persons who were employed
by Defendants as a driver or similar position with a different title in New Jersey or by a
Defendant doing business in New Jersey at any time since April 11, 2006, to the entry of
judgment in this case (the "Class Period"), who were non-exempt employees within the
meaning of the NJWHA and who have not been paid for all hours worked by them as well as
for overtime wages in violation of the New York Labor Law and/or the NJWHA (the "Class").

29.     The persons in the Class identified above are so numerous that joinder of all
members is impracticable. Although the precise number of such persons is unknown, and the
facts on which the calculation of that number are presently within the sole control of the
Defendant, upon information and belief, there at least 40 members of Class during the Class
Period.

30.     The claims of Plaintiff are typical of the claims of the Class, and a class action
is superior to other available methods for the fair and efficient adjudication of the
controversy—particularly in the context of wage and hour litigation where individual plaintiffs
lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate
defendants.

31.     The Defendants have acted or refused to act on grounds generally applicable to

10

the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

33.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

34.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a.     whether Defendants employed the members of the Class within the meaning of the NJWHA;

      b.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

      c.     whether Defendants failed and/or refused to pay the members of the Class for all hours worked by them as well as time and one-half for all hours worked in excess of forty hours per workweek;

      d.     whether Defendants made improper deductions from their wages and/or whether Defendants withheld tips and/or gratuities in violation of NJWHA;

      e.     whether the individual Defendants participated in the day to day management of Defendants and are "joint employers" and liable to Plaintiffs;

      f.     whether Defendants are liable to Plaintiffs for compensatory damages, interest, costs and disbursements and attorneys' fees;

11

        g.      whether the Statute of Limitations should be estopped or tolled due to Defendants' statutory violations; and

        h.      whether Defendants should be enjoined from such violations of the New Jersey Labor Law in the future.

## STATEMENT OF FACTS

35.    At all relevant times, Defendants maintained and operated a limousine and van service transporting passengers predominantly to, in, around, and from locations in the County of New York.

36.    Plaintiff is employed as a limousine and van driver by the Defendants and has been employed by Defendants as a limousine and van driver since July 2007 until the present ("time period").

37.    Plaintiff's employment required him to drive in, *inter alia*, New York and New Jersey and required Plaintiff to drive routes between New York and Connecticut and New York and New Jersey.

38.    Plaintiff worked as a limousine and van driver for Defendants and drove most of his routes in New York State. Most of his routes commenced or ended at NBC locations in New York City including among others the following: NBC + MSNBC at 49 W. 49th Street, New York, N.Y. or 50 West 50th Street, New York, N.Y., Oxygen Media at 75 9th Ave.(between 15 & 16th St.) , New York, N.Y. and the NBC Studio at 135 East 50th Street, New York, N.Y.

39.    Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

40.      The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

41.      Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

42.      Plaintiff and the members of the alleged classes did not receive any gratuity or tip payments from Defendants although, upon information and belief, Defendants charged customers gratuities and/or tips for the services performed by Plaintiff and the members of the classes.

43.      Upon information and belief, Defendants either told, led or allowed its customers, to believe that the additional charge is a Gratuity for its employees.

44.      Defendant is required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

45.      Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiff and the other members of the class.

46.      Defendants' retention of all or a portion of the Gratuities violated Labor Law §196-d.

47.      Upon information and belief, as a result of the aforesaid, Defendants' customers were discouraged from leaving additional tips to the Plaintiff and the other members of the class who would usually expect to receive tips from customers for the type of service provided.

48.      Upon information and belief, Defendants violated Labor Law §195(4) by failing

13

to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

49.     Upon information and belief, Defendants violated Labor Law §193 by improperly deducting wages from the Plaintiff and other members of the class.

50.     In addition to the Plaintiff, during the time period Defendants usually employed at least 100 other employees simultaneously.

51.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

52.     Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, made improper deductions from their wages and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations and the NJWHA.

53.     As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

54.     Throughout all relevant time periods, upon information and belief, and during

14

the course of Plaintiff's own employment, while Defendants employed Plaintiffs and the

Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient

time records.

55. Upon information and belief, throughout all relevant time periods and during

the course of Plaintiff's own employment and while Defendants employed Plaintiff and the

Collective Action Members, Defendants failed to post or keep posted a notice explaining the

minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

56. Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

57. At all relevant times, Defendants have been and continue to be, an employer

engaged in interstate commerce and/or the production of goods for commerce, within the

meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendant employed, and/or continues to employ,

Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

59. Upon information and belief, at all relevant times, Defendants have had gross

revenues in excess of $500,000.

60. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C.

§216(b). The named Plaintiff's written consent is attached hereto and incorporated by

reference.

61. At all relevant times, the Defendants had a policy and practice of refusing to pay

for all hours worked as well as overtime compensation to its employees for their hours worked

15

in excess of forty hours per workweek.

62.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

66.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.     At all relevant times, Plaintiff and the members of the Class were employed by

16

the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

68.     Defendant willfully violated Plaintiff's rights and the rights of the members of

the Class, by failing to pay them compensation for hours worked, overtime compensation at

rates not less than one and one-half times the regular rate of pay for each hour worked in

excess of forty hours in a workweek, and failing to pay them tips and/or gratuities and by

making improper deductions from wages and retaining gratuities, in violation of the New York

Labor Law and its regulations.

69.     The Defendants' New York Labor Law violations have caused Plaintiff and the

members of the Class, irreparable harm for which there is no adequate remedy at law.

70.     Due to the Defendants' New York Labor Law violations, Plaintiff and the

members of the Class are entitled to recover from Defendants their unpaid wages and unpaid

overtime compensation, improper wage deductions and retained gratuities, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §

663(1).

### THIRD CLAIM FOR RELIEF
### NEW JERSEY WAGE LAW

71.     Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

72.     At all relevant times, Plaintiff and the members of the Class were employed by

the Defendants within the meaning of the NJWHA.

73.     Defendants willfully violated Plaintiff's rights and the rights of the members of

the Class, by failing to pay them compensation for hours worked, overtime compensation at

rates not less than one and one-half times the regular rate of pay for each hour worked in

17

excess of forty hours in a workweek, improperly deducting from wages and failing to pay them tips and/or gratuities, in violation of the NJWHA and its regulations.

74.     The Defendants' NJWHA violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

75.     Due to the Defendants' NJWHA violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, improper wage deductions and retained gratuities, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NJWHA.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the New York Class and appointing Plaintiff and his counsel to represent the Class;

c.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2)

18

and (3) on behalf of the members of the New Jersey Class and appointing Plaintiff and his counsel to represent the Class;

d. An order tolling the statute of limitations;

e. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law and the NJWHA;

f. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

g. An award of wages and unpaid overtime compensation due under the FLSA and the New York Labor Law and the NJWHA;

h. An award of unpaid tips and gratuities compensation and improper wage deductions due under the FLSA and the New York Labor Law and the NJWHA;

i. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

m. Plaintiffs as a class, waive liquidated damages pursuant the New York Labor Law.

19

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 11, 2008

LAW OFFICE OF WILLIAM COUDERT RAND

By: _____
William Coudert Rand (WR 7685)

New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
    150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
**ATTORNEYS FOR PLAINTIFFS**

20

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my
name and on my behalf to contest the failure of Executive Pegasus limousine, LLC, Pegasus Transport
to pay me overtime wages as required under state and/or federal law and also authorize Service, Inc.,
the filing of this consent in the action(s) challenging such conduct. I authorize the      NBC
representative plaintiffs and designate them class representatives as my agents to make
decisions on my behalf concerning the litigation, the method and manner of conducting
this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.


_Edward Jenkins_

Signature                          Date      Print Name    EdwARd   JENKiNS