LITTLER MENDELSON, P.C.
Andrew P. Marks (AM0361)
Sara D. Sheinkin (SS9719)
885 Third Avenue, 16th Floor
New York, New York 10022.4834
Tel: 212.583.9600
Fax: 212.832.2719
Attorneys for Defendant NBC Universal, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD JENKINS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NBC UNIVERSAL, INC., EXECUTIVE PEGASUS LIMOUSINE, LLC, PEGASUS TRANSPORT SERVICES, INC., CENGIZ TASDEMIR, RON JACOBAVICH and JOHN DOES #1-10,<br><br>Defendants. | 08 CV 3527(GBD)<br><br>**ANSWER**<br><br>DOCUMENT FILED ELECTRONICALLY |

Defendant NBC Universal, Inc. ("NBCU"), by its attorneys, Littler Mendelson, P.C., for its answer to the Complaint, responds as follows. With respect to all allegations asserted against "Defendants," NBCU answers solely on behalf of and with respect to itself.

1.   Denies the allegations in paragraph 1 of the Complaint except admits that plaintiff purports to bring this action pursuant to the New York Labor Law and the Fair Labor Standards Act.

2.   Denies the allegations in paragraph 2 of the Complaint except admits that plaintiff purports to bring this action pursuant to the New York Labor Law.

3.   Denies the allegations in paragraph 3 of the Complaint except admits that plaintiff purports to bring this action pursuant to the New Jersey Wage and Hour Law.

3.[1]    The allegations in the second paragraph 3 of the Complaint are allegations of law to which no response is required.

4.    Denies the allegations in paragraph 4 of the Complaint.

5.    Denies the allegations in paragraph 5 of the Complaint.

6.    The allegations in paragraph 6 of the Complaint are allegations of law to which no response is required.

6.[2]    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 6 of the Complaint.

7.    Denies the allegations in paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.    The allegations in paragraph 12 of the Complaint are allegations of law to which no response is required.

13.    Denies the allegations in paragraph 13 of the Complaint, except admits that plaintiff purports to prosecute his FLSA claims as a collective action.

14.    Denies the allegations in paragraph 14 of the Complaint.

---

[1] Plaintiff's Complaint contains two paragraphs numbered 3.
[2] Plaintiff's Complaint contains two paragraphs numbered 6.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint are allegations of law to which no response is required.

20. Denies the allegations in paragraph 20 of the Complaint, except admits that plaintiff purports to prosecute claims under New York Labor Law as a class action.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint are allegations of law to which no response is required.

28. Denies the allegations in paragraph 28 of the Complaint, except admits that plaintiff purports to prosecute claims under New Jersey Law as a class action.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of plaintiff's job or his duties and responsibilities as a limousine and van driver.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth as to the hours worked by plaintiff and the payments received by him for such hours worked.

42. Denies the allegations in paragraph 42 of the Complaint, except admits that plaintiff did not receive any gratuity or tip payment from NBCU and asserts that NBCU did not authorize any tips be paid to plaintiff.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies the allegations in paragraph 49 of the Complaint.

50. Denies the allegations in paragraph 50 of the Complaint, except admits that NBCU employed at least 100 employees at all times material hereto and asserts that NBCU did not employ plaintiff.

51. The allegations in paragraph 51 of the Complaint are so vague and ambiguous that NBCU is unable to either admit or deny the allegations, except that NBCU denies that it employed plaintiff, admits that it employs some persons that do not have managerial responsibilities and do not have authority to hire or fire other employees and are not responsible for making hiring and firing recommendations.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint and asserts that NBCU did not employ plaintiff.

55. Denies the allegations in paragraph 55 of the Complaint and asserts that NBCU did not employ plaintiff.

## FIRST CLAIM FOR RELIEF

56. NBCU repeats and realleges its answers to each and every allegation of the preceding paragraphs of the Complaint with the same force and effect as though fully set forth herein.

57. Admits the allegations in paragraph 57 of the Complaint but asserts that it did not employ plaintiff.

58. Denies the allegations in paragraph 58 of the Complaint.

59. Admits the allegations in paragraph 59 of the Complaint.

60. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Denies the allegations in paragraph 61 of the Complaint.

62. Denies the allegations in paragraph 62 of the Complaint.

63. Denies the allegations in paragraph 63 of the Complaint.

64. Denies the allegations in paragraph 64 of the Complaint.

65. Denies the allegations in paragraph 65 of the Complaint.

## SECOND CLAIM FOR RELIEF

66. NBCU repeats and realleges its answers to each and every allegation of the preceding paragraphs of the Complaint with the same force and effect as though fully set forth herein.

67. Denies the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint.

69. Denies the allegations in paragraph 69 of the Complaint.

70. Denies the allegations in paragraph 70 of the Complaint.

## THIRD CLAIM FOR RELIEF

71. NBCU repeats and realleges its answers to each and every allegation of the preceding paragraphs of the Complaint with the same force and effect as though fully set forth herein.

72. Denies the allegations in paragraph 72 of the Complaint.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

## AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

NBCU is not a proper defendant in this action because it is not plaintiff's employer within the scope of the Fair Labor Standards Act or the state laws under which the claims purportedly arise.

## AS AND FOR A THIRD DEFENSE

The Court lacks subject matter jurisdiction over this dispute under the Class Action Fairness Act because the alleged class does not include 100 members and the amount in controversy does not exceed five million dollars.

## AS AND FOR A FOURTH DEFENSE

This Court should decline to exercise supplemental jurisdiction over the state law claims.

## AS AND FOR A FIFTH DEFENSE

The Southern District of New York is an improper venue for this action.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claims for liquidated and/or punitive damages are barred, in whole or in part, because any and all actions taken were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal or state law.

## AS AND FOR A SEVENTH DEFENSE

On information and belief, plaintiff, in whole or in part, was a limousine or taxicab driver employed by an employer engaged in the business of operating limousines or taxicabs and, therefore, exempt from the overtime under the Fair Labor Standards Act, 29 U.S.C. 213(b)(17), and the corresponding state laws.

## AS AND FOR A EIGHTH DEFENSE

On information and belief, plaintiff's employment, in whole or in part, fell within the motor carrier exemption to the Fair Labor Standards Act, 29 U.S.C. 213(b)(1), and the corresponding state law exemptions.

## AS AND FOR A NINTH DEFENSE

On information and belief, plaintiff's work day included waiting time which plaintiff was free to and did use for his own benefit and which is not working time within the meaning of the Fair Labor Standards Act, 29 U.S.C. 213(b)(1), and the corresponding provisions of state law.

Defendant reserves the right to assert additional defenses and counter-claims based upon any state statutory or common law claims that may be brought by any additional plaintiffs joined in this action in the event a class action is certified to proceed.

WHEREFORE, Defendant NBC Universal, Inc. demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Date: New York, New York
June 16, 2008

Respectfully submitted,

LITTLER MENDELSON
A Professional Corporation

By: _____
Andrew P. Marks (AM0361)
Sara D. Sheinkin (SS9719)
885 Third Avenue, 16th Floor
New York, New York 10022.4834
Tel: 212.583.9600
Fax: 212.832.2719
amarks@littler.com
ssheinkin@littler.com
Attorneys for Defendant NBC Universal, Inc.

Firmwide:85552394.1 059887.1001
DRAFT 6/12/08 1:44 PM