ALFRED R. COWGER, JR.  (AC-0262)
28 Greenbriar Road
PO Box 299
Harveys Lake, PA 18618-0299
Ph:  570-760-0847
Fax:  570-614-2178
Email:  ARCowger@aol.com

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

| | |
|---|---|
| EDWARD JENKINS, Individually and on behalf of all Persons Similarly Situated, | |
| | Case No. 08-CV-3527 (GBD) |
| Plaintiffs, | |
| -against- | |
| NBC UNIVERSAL, INC. EXECUTIVE PEGASUS LIMOUSINE, LLC PEGASUS TRANSPORT SERVICE, INC. CENGIZ TASDEMIR, RON JACOBOVICH and JOHN DOES #1-10, | ANSWER OF DEFENDANTS EXECUTIVE PEGASUS LIMOUSINE, LLC, PEGASUS TRANSPORT SERVICE, INC., CENGIZ TASDEMIR and RON JAKOBOVICH |
| Defendants. | |

―――――――――――――――――――――――――――――

Now come Defendants Executive Pegasus Limousine, LLC (hereinafter "Executive"), Pegasus Transport Service, Inc. (hereinafter "Pegasus"), Cengiz Tasdemir (hereinafter "Tasdemir") and Ron Jakobovich (hereinafter "Jakobovich"), herein jointly referred to as "Defendants", and for their Answer state as follows:

1. Defendants deny each and every allegation in Paragraphs 1 through 6 (including both Paragraphs 3, and the first Paragraph 6) of the Complaint.

2. Defendants deny for want of knowledge the allegations contained in the second Paragraph 6 of the Complaint.

3. Defendants deny for want of knowledge the allegations in Paragraph 7 of the Complaint about the status of incorporation and principal place of business of NBC Universal, Inc.  Defendants deny each and every other allegation in Paragraph 7 of the Complaint.

4. Defendants admit the allegations in Paragraphs 8 and 9 of the Complaint, except to deny that Defendants' principal places of business is in Nutley, NJ or Long Island City, NY. The principal place of business of Pegasus is 600 Meadowlands Parkway Suite 140, Secaucus, NJ 07094, and the principal place of business of Executive is 463 Barell Ave., Carlstadt, NJ  07072.

5. Defendants admit the allegations in Paragraph 10 of the Complaint that Cengiz Tasdemir is a director and officer of Executive and Pegasus, and that Jakobovich participated in the day-to-day affairs of Executive, but Defendants deny each and every other allegation in Paragraph 10 of the Complaint.

6. Defendants deny the existence of any John Does as alleged in Paragraph 11 of the Complaint.

7. Defendants deny the allegations in Paragraph 12 of the Complaint that Defendants act "for a common business practice".  Furthermore, Defendants deny that Defendants Tasdemir or Jakobovich are enterprises engaged in commerce.  Defendants admit the other allegations in Paragraph 12 of the Complaint.

8. Defendants deny the allegations in Paragraphs 13 through 34 of the Complaint.

9. Defendants admit to the allegations of Paragraph 35 of the Complaint, insofar as Executive and Pegasus each operated its own limousine service which made trips in and through the New York City metropolitan area. Defendants deny the other allegations in Paragraph 35 of the Complaint.

10. Defendant Executive admits the allegations in Paragraph 36 of the Complaint that Plaintiff was employed by it, but denies that Plaintiff is currently employed by Executive, and Defendants deny the remaining allegations in Paragraph 36 of the Complaint. Defendant Jakobovich further asserts that Plaintiff has mis-spelled his last name with a "c" instead of a "k".

11. Defendant Executive admits the allegations in Paragraph 37 of the Complaint that Plaintiff, during his employment by Executive, was required to drive in and/or between New York, New Jersey and Connecticut, but Defendants deny each and every other allegation in Paragraph 37 of the Complaint.

12. Defendant Executive admits the allegation in Paragraph 38 that Plaintiff was employed as a limousine driver by Executive, as well as the allegation that many of his routes were in the New York State. Defendant Executive admits that most of his routes driven as an employee of Executive commenced or ended at the addresses stated in Paragraph 38. Defendants deny each and every allegation in Paragraph 38 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 39 of the Complaint due to the fact they do not understand the allegations.

14. Defendants admit that Plaintiff's employment with Executive did not involve management responsibilities, but deny each and every other allegation in Paragraph 40 of the Complaint.

15. Defendants deny each and every allegation contained in Paragraph 41 through 56 of the Complaint.

16. Defendants Executive and Pegasus admit the allegations in Paragraph 57 that they are enterprises involved in interstate commerce, and that they do employ one or more persons, but Defendants deny each and every other allegation in Paragraph 57.

17. Defendant Executive admits the allegations in Paragraph 58 that it employed Plaintiff at one time, but Defendants deny each and every other allegation in Paragraph 58.

18. Defendants Executive and Pegasus admit the allegations in Paragraph 59 of the Complaint, but Defendants deny each and every other allegation in Paragraph 59.

19. Defendants deny for want of knowledge the allegations in Paragraph 60 of the Complaint.

20. Defendants deny each and every allegation in Paragraphs 61 to 66 of the Complaint.

21. Defendant Executive admits that Plaintiff was at one time employed by Executive, but Defendants deny each and every other allegation in Paragraph 67.

22. Defendants deny each and every allegation in Paragraphs 68 to 71 of the Complaint.

23. Defendant Executive admits that Plaintiff was at one time employed by Executive, but Defendants deny each and every other allegation in Paragraph 72.

24. Defendants deny each and every allegation in Paragraphs 73 to 75 of the Complaints.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court does not have subject matter jurisdiction over the class actions based on the Class Action Fairness Act because the total amount in controversy is under Five Million Dollars, the number of class members is less than one hundred, and the Plaintiff's claims otherwise do not meet the requirements of the Act.

## THIRD AFFIRMATIVE DEFENSE

The class actions Plaintiff seeks to prosecute for himself and on behalf of others are inappropriate and/or not permitted under law, and thus should not be certified to proceed as class actions because Plaintiff and the other potential class members as delineated by Plaintiff are not similarly situated as to employment status and/or claims and/or defenses involving them all, and the state claims are incompatible with the FLSA claims.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking equitable relief, he is barred under the doctrine of unclean hands due to his failure to meet the requirements for employment as set forth in Defendants' employment policies and under law.

FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking equitable relief, he is barred under the doctrine of laches because any delay in filing this action was due solely to his actions or inactions.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff was an independent contractor for Defendant Pegasus, not an employee, as required by the FLSA, New York Labor Law and NJWHA.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's type of employment, i.e. as a limousine driver, was exempt from the requirement to pay overtime by law under the FLSA and NJWHA.

EIGHTH AFFIRMATIVE DEFENSE

Defendants Tasdemir and Jakobovich were not "employers" of Plaintiff or the persons Plaintiff seeks to represent in a class action as defined by statute.

NINTH AFFIRMATIVE DEFENSE

Defendants acted in good faith in deciding what compensation to pay Plaintiff and the persons Plaintiff seeks to represent and did not willfully violate any law requiring the payment of overtime, and thus any act or omission on the part of any Defendant giving rise to an action under 29 U.S.C. §201 was in good faith and based on reasonable grounds for believing that said act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, and thus pursuant to 29 U.S.C. §260, Defendants are

6

not subject to liquidated damages or any other amount not to exceed the amount specified 29 U.S.C. §216.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's FLSA claims are not viable, this Court lacks jurisdiction over Plaintiff's claims which are based on state law.

### ELEVENTH AFFIRMATIVE DEFENSE

Venue is not properly before this Court because all Defendants are residents of or have a principal place of business in New Jersey, as the case may be, the Plaintiff was employed in New Jersey, all operations and decisions related thereto occurred in New Jersey, and all pay and payroll matters arose in New Jersey.

Respectfully submitted,

Date: June 14, 2008

/AlfredRCowgerJr/
Alfred R. Cowger, Jr. (AC-0262)
PO Box 299
28 Greenbriar Road
Harveys Lake, PA  18618-0288
Ph:  570-760-0847
Fax:  570-614-2178
Email:  ARCowger@aol.com

Attorney for Defendants
Executive Pegasus Limousine LLC
Pegasus Transport Service, Inc.
Cengiz Tasdemir and
Ron Jakobovich

AFFIRMATION OF SERVICE

I, Alfred R. Cowger, Jr., Attorney for Defendants Executive Pegasus Limousine LLC, Pegasus Transport Service, Inc., Cengiz Tasdemir and Ron Jakobovich, hereby declare under penalty of perjury that I have served a copy of the above-stated Answer of Defendants Executive Pegasus Limousine LLC, Pegasus Transport Service, Inc., Cengiz Tasdemir and Ron Jakobovich upon William C. Rand, Attorney for Plaintiff, whose address is 711 Third Avenue, Suite 1505, New York, NY 10017, and Andrew P. Marks, Attorney for Defendant NBC Universal, Inc, whose address is Blittler Mendelson, P.C., 885 Third Avenue, 16th Floor, New York, NY 10022-4834 via overnight courier, on this  14th day of June, 2008.

Date: June 14, 2008                    /AlfredRCowgerJr/
                                                   Alfred R. Cowger, Jr. (AC-0262)
                                                   Attorney for Defendants
                                                   Executive Pegasus Limousine LLC
                                                   Pegasus Transport Service, Inc.
                                                   Cengiz Tasdemir and
                                                   Ron Jakobovich