William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
EDWARD JENKINS, Individually            :        ECF
and on Behalf of All Other              :        08 Civ. 3527 (GBD)(DF)
Persons Similarly Situated,             :
                                        :
                    Plaintiffs,         :
                                        :
                                        :
            -against-                   :
                                        :
NBC UNIVERSAL, INC.,                    :
EXECUTIVE PEGASUS LIMOUSINE, LLC,       :
PEGASUS TRANSPORT SERVICE, INC.,        :
CENGIZ TASDEMIR, RON JACOBOVICH,        :
And JOHN DOES #1-10,                    :
                                        :
                    Defendants.         :
                                        :
---------------------------------------------------------------X

# DECLARATION OF TAURUS BRAXTON

## DECLARATION OF PLAINTIFF TAURUS BRAXTON

I, **TAURUS BRAXTON,** hereby declare under penalty of perjury under the laws of the United States of America that the following is true:

1.      I was a limousine and van driver employed by Executive Pegasus Limousine, LLC, NBC Universal, Inc., Cengiz Tasdemir and Ron Jacobovich (together "Defendants"). I worked for Defendants from on or about June 2007 until about May 1, 2008 (the "time period").

2.      I worked as a limousine driver for Defendants and drove most of my routes in New York State. Most of my routes commenced or ended at NBC locations in New York City including among others the following:  NBC + MSNBC at 49 W. 49th Street, New York, N.Y. or 50 West 50th Street, New York, N.Y., Oxygen Media at 75 9th Ave.(between 15 & 16th St.) , New York, N.Y.  and the NBC Studio at 135 East 50th Street, New York, N.Y.

3.      An employee at NBC, whose name I do not recall, had the power to fire Defendants' employees and I believe that that NBC employee ordered the termination of Rubin Rosario.

4.      I never saw any notice posted indicating that van and/or limousine drivers were entitled to minimum wage and overtime.

5.      Upon information and belief I worked for Defendants with at least 100 other similar limousine and van driver employees who had the same duties as myself.

6.      My duties did not include managerial responsibilities or the exercise of independent business judgment.

1

7.    During the time period, I worked an average of 75 hours per week.

8.    Defendants first paid me an hourly wage of $12.00 per hour and then on or about November 2007 increased my hourly rate to $12.75.

9.    Defendants did not pay me time and one half for any of my hours worked over 40 in a week ("overtime").

10.    Defendants did not pay me my regular hourly rate for all of the hours that I worked. Defendants often improperly deducted from my hours 45 minutes per day of break time on days when I worked through my lunch break.

11.    I electronically punched in and out of my job by placing my hand in a punchclock. On or about February 2007, the drivers also signed in to a logbook kept by the dispatcher in addition to doing the electronic hand check in.

12.    The passengers that I drove told me that the Defendants were adding a charge to the bill as a gratuity. Nevertheless, I was never paid any gratuities or tips from Defendants even though, upon information and belief, the Defendants received the tips from the customer. Defendants never at any time paid to me any tips or gratuities.

13.    In addition to myself, during the time period, I am aware and have personal knowledge of other persons employed by Defendants as limousine and van drivers who performed the same or similar work as myself. Upon information and belief, Defendants hired at least 100 of such similar van and limousine drivers.

14.    I and the other similar van and limousine driver employees regularly worked more than 40 hours per week for Defendants.

15.    I and these other similar van and limousine driver employees worked more than 40 hours per week and were not paid time and one half for our overtime hours.

2

16.    I know that others like me worked overtime and were not paid overtime by Defendants because I observed the other van and limousine driver employees working more than 40 hours in a week and discussed the issue with certain of these other similar van and limousine driver employees, including Edward Jenkins, Rubin Rosario, Cecil, Steve and Lennie, who all said that they worked more than 40 hours per week and that Defendants did not pay them time and one half their regular hourly rate for their overtime hours and did not pay them even at their regular hourly rate for all the hours that they worked. They all have stated to me that they worked as van and limousine driver workers for Defendants and worked more than 40 hours per week and were not paid time and one half for their hours worked over 40 in a workweek.

17.    I repeatedly complained to my supervisor, Ron Jacobovich, about not being paid time and one half for overtime. He told me that Defendants had a policy not to pay overtime at time and one half to any limousine driver employees and said that I was not entitled to overtime under New Jersey law because of the waiting time.

18.    Throughout the time period that I worked at Defendants, and, upon information and belief, both before that time and continuing until the present, Defendants have likewise employed other individuals, like myself, in positions as van and limousine driver workers.

3

19.    Such individuals have worked in excess of 10 hours per day and/or 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate.

Dated: June 4, 2008

_____
TAURUS BRAXTON