William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDWARD JENKINS, Individually                : ECF
and on Behalf of All Other                  : 08 Civ. 3527 (GBD)(DF)
Persons Similarly Situated,                 :
                                            :
                 Plaintiffs,                :
                                            :
      -against-                             :
                                            :
NBC UNIVERSAL, INC.,                        :
EXECUTIVE PEGASUS LIMOUSINE, LLC,           :
PEGASUS TRANSPORT SERVICE, INC.,            :
CENGIZ TASDEMIR, RON JACOBOVICH,            :
And JOHN DOES #1-10,                        :
                                            :
                 Defendants.                :
                                            :
---------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF COLLECTIVE ACTION NOTICE

Dated: New York, New York
       July 1, 2008

        LAW OFFICE OF WILLIAM COUDERT RAND
        William Coudert Rand, Esq.
        Attorney for Plaintiff, Individually,
        and on Behalf of All Other Persons Similarly Situated
        711 Third Avenue, Suite 1505
        New York, New York 10017
        Tel: (212) 286-1425
        Co-counsel
        Berger & Gottlieb
        Jeffrey M. Gottlieb, Esq. (JG-7905)
        150 East 18th Street, Suite PHR
        New York, New York 10003
        Tel: (212) 228-9795

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|---|
| PRELIMINARY STATEMENT……………………………………….. | | | 1 |
| I. | INTRODUCTION…………………………………………….. | | 1 |
| II. | ARGUMENT………………………………………………….. | | 3 |
|   | A. | Collective Actions under the FLSA…………………… | 3 |
|   | B. | The Factual Nexus is Established in this Case………… | 4 |
|   | C. | The Collective Action Notice…………………………. | 7 |
|   | D. | Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs…………… | 8 |
|   | E. | The FLSA Statute of Limitations Should be Equitably Tolled and A Six Year Notice Period and Statute of Limitations Applied to Plaintiffs' Claims…………….. | 10 |
| III. | CONCLUSION………………………………………………... | | 11 |

TABLE OF AUTHORITIES

CASES                                                                                   Page

Atkins v. General Motors Corp.,
    701 F.2d 1124 (5th Cir. 1983)……………………………………………   9

Baba v. Grand Central Partnership, Inc.,
    2000 WL 1808971, 2000 U.S. Dist. LEXIS 17876
    (S.D.N.Y. Dec. 8, 2000)……………………………………………….   10

Bonilla v. Las Vegas Cigar Co.,
    61 F. Supp. 2d 1129 (D. Nev. 1999)………………………………….   8

Braunstein v. Eastern Photographic Laboratories, Inc.
    600 F. 2d 335 (2d Cir. 1979)………………………………………….   7

Cerbone v. Int'l Ladies Garment Workers' Union,
    768 F.2d 45, 48 (2d Cir.1985)………………………………………..   10

Cook v. United States,
    109 F.R.D. 81 (E.D.N.Y. 1985)……………………………………….   9

Does I thru XXIII v. Advanced Textile Corp.,
    214 F.3d 1058 (9th Cir. 2000)…………………………………………   9

Gjurovich v. Emmanuel's Marketplace, Inc.,
    282 F. Supp. 2d 101 (S.D.N.Y. 2003)…………………………………   3, 7-8

Hoffman v. Sbarro, Inc.,
    982 F. Supp. 249 (S.D.N.Y. 1997)..……………………………....……   3-4, 7-8

Hoffman-La Roche, Inc. v. Sperling,
    493 U.S. 165 (1989)……………………………………………………   7-9

Iglesias-Mendoza v. La Belle Farm, Inc.,
    239 F.R.D. 363 (S.D.N.Y. Jan. 29, 2007)…………………………….   10

Kamens v. Summit Stainless, Inc.,
    586 F. Supp. 324, 328 (E.D.Pa. 1984)…………………………………   10

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
    645 F.2d 757 (9th Cir. 1981)………………………………………….   9

Schwed v. General Electric Co.,
    159 F.R.D. 373 (N.D.N.Y. 1995)……………………………………..   4

Trinidad v. Breakaway Courier Systems, Inc.,
    2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………..    7

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")………………    Passim

Fed. R. Civ. P. Rule 23………………………………………………………    4

William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD JENKINS, Individually                    :     ECF
and on Behalf of All Other                      :     08 Civ. 3527 (GBD)(DF)
Persons Similarly Situated,                     :
                                                :
                        Plaintiffs,             :
                                                :
        -against-                               :
                                                :
NBC UNIVERSAL, INC.,                            :
EXECUTIVE PEGASUS LIMOUSINE, LLC,               :
PEGASUS TRANSPORT SERVICE, INC.,                :
CENGIZ TASDEMIR, RON JACOBOVICH,                :
And JOHN DOES #1-10,                            :
                                                :
                        Defendants.             :
                                                :
-------------------------------------------------------------X

**PRELIMINARY STATEMENT**

Plaintiff, on behalf of himself and on behalf of each and all other persons similarly situated, and on behalf of the four additional collective action members who have already opted into this action (Taurus Braxton, John E. Jackson, Steven Griffin and Cecil Covin), by his attorneys, submits this memorandum of law in support of his Motion for Approval of Collective Action Notice (hereafter, the "Motion").

**I.      INTRODUCTION**

In this action, among other claims for relief, Plaintiff seeks to recover unpaid

1

overtime compensation on behalf of himself and other similarly situated employees of Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff now moves the Court to enter an Order permitting this action to proceed as a collective action, requiring Defendants to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and B, respectively, to the Declaration of William C. Rand, Esq. filed herewith), ensuring that potential plaintiffs will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

The named plaintiff was employed by Defendants as a van and limousine driver employee.  While employed by the Defendants, the named Plaintiff and at least 40 other employees were improperly classified as employees "exempt" from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ 190 et seq.  As a result of the improper classification, the employees were, and continue to be, denied appropriate compensation for the hundreds of hours of overtime they work and have worked.

Accordingly, the plaintiff collective action class consists of (1) current and former employees of Defendants who worked as van and/or limousine drivers or similar positions with different titles or in other similar non-managerial, non administrative positions, (2) who were not paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week.  All such individuals should receive notice and the opportunity to opt-in to this case if they worked

in excess of forty (40) hours per week but were not compensated at the rate of time and one-half.

## II.   ARGUMENT

### A.   Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation.  FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated."  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) .  This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]."  Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." Sbarro, at 261; see also Gjurovich, 282 F. Supp. 2d at 104. The named plaintiff is not required to prove that potential plaintiffs shared identical positions or performed identical work. Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Sbarro, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed. R. Civ. P. 23. Rule 23 requires the proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties. Fed. R. Civ. P. 23. These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist. As discussed below, the declaration by Plaintiff submitted herewith clearly and sufficiently makes the requisite showing in this case.

### B.   The Factual Nexus is Established in this Case

The declarations of the named plaintiff, Edward Jenkins and the declarations of the four opt-in plaintiffs (Taurus Braxton, John E. Jackson, Steven Griffin and Cecil Covin), filed contemporaneously herewith, demonstrates that Defendants adopted and

adhered to a policy effectively requiring their employees to work in excess of 40 hours per week without paying overtime compensation at the rate of time and one-half, in violation of FLSA § 207.  *See* Declarations of Plaintiffs Edward Jenkins, Taurus Braxton, John E. Jackson, Steven Griffin and Cecil Covin, filed in support of the motion.

Plaintiffs' declarations demonstrates that the plaintiffs worked as van and /or limousine drivers or similar positions with different titles (hereafter collectively referred to as the "Driver employees") and that the plaintiffs worked more than 40 hours per week and was not paid time and one half for their hours worked over forty in a week.  The duties of the Driver employees did not include managerial responsibilities or the exercise of independent business judgment and they did not hire or fire employees.

Plaintiff Jenkins was a limousine and van driver employed by Executive Pegasus Limousine, LLC, Pegasus Transport Service, Inc., NBC Universal, Inc., Cengiz Tasdemir and Ron Jacobovich (together "Defendants").  Jenkins Declaration ¶ 1.  H worked for Defendants from on or about July 2007 until the present (the "time period").  *Id.*

Jenkins worked as a limousine and van driver for Defendants and drove most of his routes in New York State.  Most of his routes commenced or ended at NBC locations in New York City including among others the following:  NBC + MSNBC at 49 W. 49th Street, New York, N.Y. or 50 West 50th Street, New York, N.Y., Oxygen Media at 75 9th Ave.(between 15 & 16th St.) , New York, N.Y. and the NBC Studio at 135 East 50th Street, New York, N.Y. *Id.* at ¶ 2. Jenkins never saw any notice posted indicating that van and limousine drivers were entitled to minimum wages and/or overtime. *Id.* at ¶ 3.

Jenkins worked for Defendants with at least 100 other similar limousine and van driver employees who had the same duties as himself.  *Id.* at ¶ 4.  his duties did not

5

include managerial responsibilities or the exercise of independent business judgment. *Id.* at ¶ 5. During the time period, Jenkins worked an average of 75 hours per week. *Id.* at ¶ 6. Defendants first paid Jenkins an hourly wage of $12.00 per hour and then on or about February 2008 increased his hourly rate to $13.25. *Id.* at ¶ 7.

Defendants did not pay Jenkins time and one half for any of his hours worked over 40 in a week ("overtime"). *Id.* at ¶ 8. Defendants did not pay Jenkins his regular hourly rate for all of the hours that Jenkins worked, and improperly deducted from his hours 45 minutes per day of break time. Jenkins did not take breaks during the day and ate his lunch while he was working. *Id.* at ¶ 9.

Jenkins electronically punched in and out of his job by placing his hand in a punchclock. On or about February 2007, the drivers also signed in to a logbook kept by the dispatcher in addition to doing the electronic hand check in. *Id.* at ¶ 10. Jenkins attached as Exhibit A to his Declaration a copy of certain of his payroll receipts and time records, demonstrating that he was not paid by Defendants for all his hours worked and was not paid by Defendants time and one half for his overtime hours worked. *Id.* at ¶ 11.

In addition to Jenkins, during the time period, Defendants hired at least 100 other similar van and limousine drivers. *Id.* at ¶ 13. Jenkins and the other similar van and limousine driver employees regularly worked more than 40 hours per week for Defendants. *Id.* at ¶ 14. Jenkins and these other similar van and limousine driver employees worked more than 40 hours per week and were not paid time and one half for our overtime hours. *Id.* at ¶ 15.

Jenkins repeatedly complained to his supervisor, Ron Jacobovich, about not being paid time and one half for overtime. Jacobovich told Jenkins that Defendants had a

policy not to pay overtime at time and one half to any van and/or limousine driver employees. *Id.* at ¶ 17.

Throughout the time period that he worked at Defendants, and, upon information and belief, both before that time and continuing until the present, Defendants have likewise employed other individuals, like Jenkins, in positions as van and limousine driver workers. *Id.* at ¶ 18. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate. *Id.* at ¶ 19. *See* Declarations of Opt-in Plaintiffs Taurus Braxton, John E. Jackson, Steven Griffin and Cecil Covin, which all corroborate Plaintiff Jenkin's declaration statements.

Accordingly, Plaintiffs have demonstrated that numerous other similar employees were not paid overtime at a rate of time and one half as part of a common, illegal policy of the Defendants.

### C.    The Collective Action Notice

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions. However, it is well established that district courts have the power to send such a notice to potential plaintiffs. E.g., Braunstein v. Eastern Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F. Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich, 282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073 (January 12, 2007 S.D.N.Y) (Judge Sweet). It is important to note that, in issuing a notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of either the named or potential plaintiffs, or determine that the potential plaintiffs are in

7

fact similarly situated with the named plaintiff. As Magistrate Judge Lisa Margaret Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified "are, in fact, similarly situated" to the Plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. . . . Again, the Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination-a determination that can be modified or reversed after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted)

Plaintiff separately submits herewith a proposed Notice of Lawsuit and Opportunity to Join. This notice comports to the specific requirements exhaustively enumerated by Judge Smith in Gjurovich. Supra, at 106-109.

### D. Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs

Only Defendants know the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendants to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit and Opportunity to Join. Hoffman-La Roche, Inc. v. Sperling, 110 S. Ct. 482, 486 (1989). In addition, Defendants should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

Plaintiffs' motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form. Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129,

1133 (D. Nev. 1999); Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, (9th Cir. 2000); Sbarro, 982 F. Supp. at 262; 29 U.S.C. § 216(b). The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs. The statute of limitations demonstrates not only the need for the distribution of notice to purported class members, but the expediency in which the distribution must occur.

Plaintiffs are not requesting unusual or extraordinary relief, but are requesting relief clearly within the discretion of this Court. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989). The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . . The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress,

having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

### E. The FLSA Statute of Limitations Should be Equitably Tolled and A Six Year Notice Period and Statute of Limitations Applied to Plaintiffs' Claims

Preliminary certification of the FLSA opt-in class should be for the entire six-year limitations period, as set forth by the New York Labor Law, due to Defendants' failure to post required notices, as set forth by the FLSA, 29 C.F.R. § 516.4. Equitable tolling may be utilized by a court where a defendant's conduct "concealed from the plaintiff the existence of the cause of action." Cerbone v. Int'l Ladies Garment Workers' Union, 768 F.2d 45, 48 (2d Cir.1985). The FLSA provides:

> Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.

Where employers have failed to post the required notice, courts have held that the statute of limitations is equitably tolled during the period in which notice was not posted. *See* Baba v. Grand Central Partnership, Inc.*,* 2000 WL 1808971 (S.D.N.Y.), 2000 U.S. Dist. LEXIS 17876 (S.D.N.Y. Dec. 8, 2000); Iglesias-Mendoza v. La Belle Farm, Inc.*,* 239 F.R.D. 363 (S.D.N.Y. Jan. 29, 2007); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D.Pa. 1984). In Baba*,* supra, the court recognized the authority to the effect "that the failure to post the required notice equitably tolls the statute of limitations

10

unless and until an employee has actual notice of his rights." Baba at *2. Similarly, in Iglesias-Mendoza, supra, the court followed Baba and certified the six-year period for plaintiffs' FLSA claim, noting that certification would simplify class notice and that by virtue of the plaintiffs' New York Labor law claims, notice would be sent to all hourly employees who had worked for the defendants over the last six years.

Here, Plaintiffs have alleged in their declarations that Defendants failed to post notices advising Plaintiffs and Defendants' other employees of their right to earn overtime compensation. *See* Jenkins Declaration at ¶ 3, Braxton Declaration at ¶ 4, Covin Declaration at ¶ 3, and Jackson Declaration at ¶ 3. As such, the court should certify the FLSA opt-in period for the entire six-year statute of limitations period applicable to the New York Labor Law claims.

### III.  CONCLUSION

Plaintiff has shown by his declaration that he is similarly situated with other former and current employees of Defendants. Accordingly, Defendants should be required to provide the names and addresses of (a) all limousine and van driver employees and employees with different titles who have similar duties and other non-managerial, non administrative workers they employed within six years preceding the date of the Court's Order on this motion, so that notice of this action may be communicated to them. For the foregoing reasons, Plaintiff respectfully requests that Plaintiff's Motion be granted.

Dated: New York, New York
       July 1, 2008

                        LAW OFFICE OF WILLIAM COUDERT RAND

                        S/William C. Rand
                        _____
                        William Coudert Rand, Esq. (WR-7685)
                        Attorney for Plaintiff, Individually,
                        and on Behalf of All Other Persons Similarly Situated
                        711 Third Avenue, Suite 1505
                        New York, New York 10017
                        Tel: (212) 286-1425

                        Co-counsel
                        Berger & Gottlieb
                        Jeffrey M. Gottlieb, Esq. (JG-7905)
                        150 East 18th Street, Suite PHR
                        New York, New York 10003
                        Tel: (212) 228-9795