Andrew P. Marks (AM-0361)
Sara Danielle Sheinkin (SS-9719)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600

Attorneys for Defendant
  NBC Universal, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD JENKINS, Individually and on behalf of all other persons similarly situated, | Index No. 08-cv-3527 (GBD) |
| Plaintiff, | |
| -against- | |
| NBC UNIVERSAL, INC., EXECUTIVE PEGASUS LIMOUSINE, LLC, PEGASUS TRANSPORT SERVICE, INC., CENGIZ TASDEMIR, RON JACOBOVICH, and JOHN DOES, #1-10, | Electronically filed |
| Defendants. | |

## NBC UNIVERSAL, INC.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

NBC Universal, Inc. ("NBC") submits this memorandum of law in support of its motion to dismiss this action on the grounds that venue is not proper in the Southern District of New York.   In the alternative, NBC seeks to transfer the action to the United States District Court for the District of New Jersey, a proper and more appropriate venue.

## PRELIMINARY STATEMENT

Plaintiff Edward Jenkins was allegedly employed as a driver for defendant Executive Pegasus Limousine, LLC ("Executive").  Jenkins's principal federal claim in this action is that he was improperly classified as exempt from the overtime requirement of the Fair Labor Standards Act ("FLSA") and did not receive overtime for hours worked in excess of forty hours in a work week.  Because Jenkins worked out of Executive's offices in New Jersey and because he is a New Jersey resident and because not all of the defendants in this action are residents of New York, the Southern District of New York is not a proper venue for this action and the complaint should be dismissed.

Although the complaint alleges that NBC is a joint-employer with Executive (together with Executive's owner (Cengiz Tasdemir), its general manager (Ron Jacobovich), and a related company (Pegasus Transport Services, Inc.)), NBC's relationship with Executive is purely contractual.  NBC is a global media and entertainment company.  NBC neither owns nor controls Executive but has entered into an contractual arrangement with Executive to provide transportation for NBC employees.  NBC was not responsible for hiring Jenkins, or training him, or determining his work schedule, or directing his manner of performance, or firing him.  Nor was NBC responsible for determining the amount, manner or method of Jenkins's compensation. In short, NBC was not Jenkins's employer within the meaning of the FLSA and is not a proper defendant in this action.  But that is an argument for another time and, as we show below, another place.

## BRIEF STATEMENT OF RELEVANT FACTS[1]

Jenkins resides in Lindenhurst, New Jersey. Executive maintains and operates a car service from offices located in Carlstadt, New Jersey. Between July 2007 and March 2008, Jenkins worked for Executive as a driver.[2] At all times throughout his employment, Jenkins reported to Executive's general manager Ron Jacobovich. Jacobovich, a named defendant in this action, lives and works in New Jersey. Cengiz Tasdemir, the owner of Executive and Pegasus Transport, is also a named defendant in this action and works and resides in New Jersey.

The cars operated by Executive are registered and insured in New Jersey and stored in the Executive lot in New Jersey. The cars are operated under Taxi and Limousine Certificates issued by the city of Carlstadt, New Jersey. For each shift Jenkins worked, he was required to report to the Executive office in New Jersey to clock-in and pick up his vehicle. Before picking up passengers, Jenkins often had to wash and/or fuel the car, which he did at stations in New Jersey under agreements with Executive. At the end his shift each day, Jenkins returned to the New Jersey office to drop off the car and clock-out from work.

All policies, procedures and practices material to Jenkins's claims in this action were created and enforced in New Jersey. Jenkins was interviewed for employment in New Jersey, hired in New Jersey and trained in New Jersey. Executive utilizes Extensis Group LLC, based in Woodbridge, New Jersey, as an outsourced Human Resources Department to provide, among other things, payroll services, including advice concerning the proper method of payment to

---

[1] These facts are affirmed in the declaration of Cengiz Tasdemir submitted in support of this motion.

[2] Defendant Pegasus Transport Service, Inc. ("Pegasus Transport") operates a car and van service, also located in Carlstadt, New Jersey. Jenkins performed work for Pegasus Transport for approximately three days, and was paid by Pegasus Transport, in New Jersey, for these services.

employees.  The hourly rate paid to Jenkins was determined by Jenkins's supervisors in New Jersey.  The hours worked and wages owed to Jenkins were calculated by Executive and Extensis in New Jersey.  Jenkins's paychecks were cut in New Jersey, and paid from a New Jersey bank account.  Withholdings from Jenkins's wages occurred in New Jersey.  All records concerning Jenkins's employment and compensation are maintained in New Jersey.

Jenkins's relationship with NBC is solely as a result of his employment as a driver with Executive.  Executive drivers transport NBC employees to and from locations throughout the tri-state area, as needed.  During his shifts, Jenkins received instructions from Executive dispatchers working from the New Jersey office.  Those instructions required Jenkins to transport NBC employees in and through New York, as well as New Jersey and Connecticut.  Jenkins has no direct relationship with NBC.

**ARGUMENT**

## I.    LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for improper venue.  Once a defendant raises the issue of improper venue, the burden of sustaining venue lies with the plaintiff.  *(888) Justice, Inc. v. Just Enters., Inc.*, 2007 U.S. Dist. Lexis 61849, at *16 (S.D.N.Y. Aug. 22, 2007).  In deciding a Rule 12(b)(3) motion, the Court may consider affidavits and other material beyond the allegations in the Complaint.  *Id.*

The general venue provisions set forth in 28 U.S.C. § 1391 govern FLSA claims.  Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district

in which any defendant may be found, if there is no district in
which the action may otherwise be brought.

Because this action is founded upon federal question jurisdiction (28 U.S.C. §§ 1331), Jenkins
must show that the Southern District of New York is a proper judicial district under one of the
above subsections.

## II.    VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK

Plaintiff does not specify the subsection of the venue provision upon which he asserts
venue in the Southern District of New York.  Regardless, venue here is not proper under any
subsection of Section 1391.

### A.    Venue is Improper Under Section 1391(b)(1)

Under subsection 1391(b)(1), venue is proper in a judicial district where any defendant
resides, if all defendants reside in the same state.  Because the individual defendants do *not*
reside in New York, this subsection cannot be applied to establish venue here.  *See e.g.*, *(888)
Justice, Inc. v. Just Enters., Inc.*, 2007 U.S. Dist. Lexis 61849, at *18 (S.D.N.Y. Aug. 22, 2007).
Accordingly, venue in the Southern District of New York is not proper under subsection
1391(b)(1).

### B.    Venue is Improper Under Section 1391(b)(2)

Under subsection 1391(b)(2), venue is proper in any judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred.  As this Court has
noted, the Second Circuit has cautioned district courts to construe this provision strictly.  *(888)
Justice, Inc. supra,* at *18.  "For venue to be proper under (b)(2) *significant* events or omissions
*material* to the plaintiff's claims must have occurred in the district in question even if other
material events occurred elsewhere."  *Id.* (internal quotations omitted) (emphasis in original).
Accordingly, the Court should first consider the nature of the claims and the acts or omissions

that the plaintiff alleges give rise to those claims.  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).  Second, the Court should determine whether a substantial part of those acts or omissions took place in the Southern District of New York.  *Id.*

Jenkins's federal claim concerns the alleged failure to pay the proper overtime rate.  The act or omission that gives rise to this federal claim concerns the amount, manner and method in which Jenkins was compensated.[3]  And that amount, manner and method of compensation was determined in the District of New Jersey:

- Jenkins was and is a resident of New Jersey;

- The classification of Jenkins as exempt from overtime was made in New Jersey;

- Jenkins's hourly rate and work schedule were set in New Jersey;

- Jenkins's compensation was computed in New Jersey; and

- Jenkins was paid in New Jersey minus New Jersey tax withholdings.

Whether Jenkins drove some, or even "most" of his routes in New York is not material to his claims for unpaid wages.  It was the manner and method of compensating Jenkins (not where he may have been driving at the moment he surpassed forty hours in the workweek) that gave rise to Jenkins's claims.  Because such compensation occurred solely in New Jersey, Jenkins cannot establish that a substantial part of the acts or omissions giving rise to his claims occurred in New York.  *See, e.g. Smith v. US Investigations Servs., Inc.*, 2004 U.S. Dist. Lexis 23504 (D.D.C. Nov. 18, 2004) (venue in an FLSA action was improper where plaintiff worked, and the

---

[3]  For purposes of determining venue, Jenkins's state law claims may be disregarded.   To the extent those claims are based on supplemental jurisdiction, proper venue would follow the federal FLSA claim.   To the extent that Jenkins invokes the Court's original jurisdiction over those claims based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, Jenkins would have to prove that the prospective classes include more than 100 members and the aggregated damages exceed $5,000,000.   Jenkins cannot satisfy this burden and, as alleged in NBC's answer, this Court lacks jurisdiction under CAFA.

computation and processing of payments owed to plaintiff, occurred in a different state); *see also Earley v. BJ's Wholesale Club, Inc.*, 2007 U.S. Dist. Lexis 40125 (S.D.N.Y. June 4, 2007) (the location of operative facts in an FLSA action for unpaid overtime was the employer's corporate headquarters, where the corporate policies concerning overtime would have been determined and implemented).  Accordingly, venue is not proper in the Southern District of New York under subsection 1391(b)(2).

### C.    Venue is Improper Under Section 1391(b)(3)

Nor is venue proper under subsection 1391(b)(3), which applies only if there is no district in which venue is proper under one of the venue statute's first two subsections.  Venue in this case is proper in the District of New Jersey, where the events or omissions giving rise to Jenkins's claims occurred and where all the defendants may be said to reside.  Therefore, Jenkins cannot resort to subsection 1391(b)(3) to establish venue in the Southern District of New York.

### D.    The Court may Dismiss or Transfer the Action

Because venue is not appropriate in the Southern District of New York under the governing venue provision, Jenkins's action cannot proceed here and his claims should be dismissed.  As an alternative, the Court may, in the interests of justice, transfer the case to the District of New Jersey – where it could and should have originally been brought.  28 U.S.C. § 1406.  The decision of whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the Court.  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

## III.    IN THE ALTERNATIVE, THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE WARRANT TRANSFER

Even if venue were proper in this district – which NBC disputes – the Court should transfer the action to the District of New Jersey for the "convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

**A.    New Jersey is the Location of Operative Facts Giving Rise to this Suit**

In determining whether to transfer venue, the location of operative events giving rise to the suit is a primary factor. *Freeman v. Hoffman-La Roche Inc.*, 2007 U.S. Dist. Lexis 23132, at *10 (S.D.N.Y. Mar. 21, 2007). In *Earley v. BJ's Wholesale Club, Inc.*, 2007 U.S. Dist. Lexis 40125, at *6-7 (S.D.N.Y. June 4, 2007), a class action for overtime wages, the court determined that this factor weighed in favor of transferring the action to Massachusetts. The plaintiff in *Earley* worked in Pennsylvania for a company that was organized and headquartered in Massachusetts. *Id.* at *1. Plaintiff's claims focused on the nature and implementation of the company's overtime policies, which were likely determined at the company's headquarters in Massachusetts. *Id.* at *6-7. Further, the documents and executives relevant to discovery were located in Massachusetts. *Id.* Because these operative facts took place in Massachusetts, among other reasons, the Court transferred plaintiff's action there.

Similarly, Jenkins's claims focus on the nature and implementation of Executive's compensation policies and practices. These policies were created and implemented in New Jersey. Thus, New Jersey is the location where the operative facts and events that gave rise to the suit occurred.

**B.    New Jersey is a More Convenient Location for Parties and Witnesses, and is Where the Relevant Documents are Maintained**

Other factors, such as the convenience of parties and witnesses, and location of documents, weigh in favor of transferring this action to the District of New Jersey. "The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004). When considering the convenience of the parties,

consideration of the parties' residences is a logical and relevant starting point. *Freeman, supra,* at *7-8.

Jenkins is a New Jersey resident. Both individual defendants are New Jersey residents. Defendants Executive and Pegasus Transport have their principal places of business in New Jersey. Other witnesses that may be relevant to this action include representatives of Extensis, who will testify about Executive's compensation practices and record keeping, are also located in New Jersey. Perhaps most significantly, the relevant documents in this case, such as payroll and time records and limousine vouchers, are located in New Jersey. NBC's principal place of business is in New York, but NBC has no payroll records or other documents relating to Jenkins or any other Executive driver. Jenkins should not be able to rely on the fact that he joined – improperly we submit – NBC as a nominal defendant to defeat a motion to transfer venue, especially where, as here, New Jersey would be a more convenient venue for all other parties.

### C.    Jenkins's Choice of Forum is Not Entitled to Substantial Deference

Where, as here, Jenkins did not bring suit in his own home district, his choice of forum does not warrant substantial deference. *Freeman, supra,* at *10.

### D.    The Relative Means of the Parties Do Not Weigh Against Transfer

The relative means of the parties is not significant here because NBC seeks to transfer the action to Jenkins's home state. There is no reason to conclude that litigating this action in his home state would present any increased costs for Jenkins. *Id.* at *11.

### E.    The Interests of Justice Favor Transfer

The interests of justice is a separate component of the transfer analysis, which must be based on the totality of circumstances. *Id.* at *11. Here, the interests of justice favor transfer of this matter because the litigation's center of gravity is in New Jersey. Jenkins worked out of New Jersey for a company located in New Jersey; Jenkins and the individual defendants that

allegedly controlled Executive are residents of New Jersey; and all decisions and implementation of policies concerning Jenkins's compensation took place in New Jersey. There is no similar connection between Jenkins's wage and hour claims and the Southern District of New York.

Also relevant to the transfer determination is the "relevant docket conditions of the transferor and transferee courts." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 660 (S.D.N.Y. 1998). According to the latest Judicial Caseload Statistics (reported at www.uscourts.gov), the District of New Jersey has a less-crowded civil docket than the Southern District of New York, and its filing to disposition period in civil cases is approximately two months less than in this district. Indeed, as Judge Keenan of this Court has noted, "the Southern District of New York is one of the busiest in the nation. The interests of judicial economy demand that parties may bring suit here only by showing a substantial connection between the cause of action and this district." *Coker v. Bank of America*, 984 F. Supp. 757, 768 (S.D.N.Y. 1997).

Because Jenkins cannot demonstrate a substantial connection between his claims and this district, this action should be transferred to the District of New Jersey in the interests of justice and for the convenience of the parties and witnesses.

## CONCLUSION

For all of the reasons stated herein, NBC respectfully requests that the Court dismiss this action or transfer it to the District of New Jersey.

Date:  July 1, 2008
New York, New York

/s Sara Sheinkin
Andrew P. Marks (AM-0361)
Sara Danielle Sheinkin (SS-9719)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600

Attorneys for Defendant
  NBC Universal, Inc.