UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD JENKINS, individually and on behalf of others similarly situated,<br><br>                         Plaintiff,<br><br>-against-<br><br>NBC UNIVERSAL, INC., EXECUTIVE PEGASUS LIMOUSINE, LLC, PEGASUS TRANSPORT SERVICES, INC., CENGIZ TASDEMIR, RON JACOBAVICH and JOHN DOES #1-10,<br><br>                         Defendants. | 08 CV 3527(GBD)<br><br><br><br>**DECLARATION** |

      I, Cengiz Tasdemir, do hereby swear, affirm and attest under the penalties of perjury as follows:

    1. I am over the age of 18 and competent to testify to the matters stated in this declaration.

    2. The information contained herein is based upon my personal knowledge and/or review of documents kept in the ordinary course of Executive Pegasus Limousine, LLC's business.

    3. I am the owner of Executive Pegasus Limousine, LLC ("Executive") and Pegasus Transport Service Inc. ("Pegasus Transport").

    4. I reside and work in New Jersey.

    5. Executive maintains and operates a car service from offices located in Carlstadt, New Jersey. I work in Executive's Carlstadt, New Jersey office.

    6. The cars operated by Executive are registered and insured in New Jersey and stored in the Executive lot in New Jersey.

    7. The cars operated by Executive are issued Taxi and Limousine Certificates by the city of Carlstadt, New Jersey.

    8. Between July 2007 and March 2008, Edward Jenkins worked for Executive as a driver.

9. At all times throughout his employment, Jenkins reported to Ron Jacobovich, Executive's General Manager.

10. Jenkins was interviewed for a position as a driver for Executive within New Jersey. Thereafter, he hired in New Jersey and trained in New Jersey.

11. For each shift Jenkins worked, he was required to report to the Executive office in New Jersey to clock-in and pick up his vehicle.

12. Before picking up passengers, Jenkins often had to wash and/or fuel the car, which he did at stations in New Jersey under agreements with Executive.

13. At the end his shift each day, Jenkins returned to the New Jersey office to drop off the car and clock-out from work.

14. All of Executive's wage and hour policies, procedures and practices were created and enforced in New Jersey.

15. Executive utilizes Extensis Group LLC, based in Woodbridge, New Jersey, as an outsourced Human Resources Department to provide, among other things, payroll services, including advice concerning the proper method of payment to employees.

16. The method and rate of payment to Jenkins was determined by Executive and Extensis in New Jersey.

17. Jenkins's schedule was set in New Jersey.

18. The hours worked and wages owed to Jenkins were calculated by Executive and Extensis in New Jersey.

19. Jenkins's paychecks were cut in New Jersey, and paid from a New Jersey bank account.

20. Withholdings from Jenkins's wages occurred in New Jersey.

21. Jenkins picked up his paycheck each week in New Jersey.

22. All records concerning Jenkins's employment and compensation are maintained in New Jersey.

23. NBC's relationship with Executive is a contractor for its transportation services.

24. Executive services NBC employees, driving them to and from locations throughout the tri-state area, as needed.

25. During his shifts, Jenkins received instructions from Executive dispatchers working from the New Jersey office. Those instructions required Jenkins to transport NBC employees in and through New York, as well as New Jersey and Connecticut.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: June 26, 2008
      New York, New York

_____
Cengiz Tasdemir